Richard S. Heller, J.
Each of these claims, seeking recovery for personal injuries, arose from a motor vehicle accident that occurred on April 6, 1957 on Route 17 two or three miles east of the City of Elmira. In this area Route 17 was a four-lane dual highway with a center mall.
In order to complete repairs on a portion of the highway which was sagging, about March 29 or 30 the two eastbound lanes were barricaded by placing seven barrels weighted with gravel or stone across the two eastbound lanes. According to the State’s witnesses, some thousand feet west of the barricade a five-foot by six-foot sign warning of construction ahead was placed on the right-hand side of the eastbound lanes. Some 700 feet west of the barricade a speed limit sign approximately 30 inches square and stating a speed limit of 20 miles per hour was placed. About 500 feet west of the barricade a 36-inch reflectorized sign indicating a single lane was placed. About 300 feet west of the barricade, there was a sign marked detour. About 100 feet west of the barricade there was another sign with an arrow and the word detour pointing to a blacktop crossover on the mall from the eastbound lane to the westbound lane.
According to the testimony of the State employees on the night of the accident bomb-type flares had been lit. Two were located at the first construction sign, two at the detour sign, and one at the arrow and detour sign. According to the State employees, there was one bomb-type flare on top of each of the seven barrels.
The claimant Maude Teeter was operating a motor vehicle on Route 17 traveling from Elmira to Waverly at about 9:00 or 9:15 at night on April 6, 1957 and the claimant Arlie Teeter Siler was riding as a passenger in the front seat. Neither of the claimants saw any of the signs. Other drivers who travelled the same stretch of highway on the same evening both before and after the accident, had no recollection of seeing any signs or lighted flares.
As the claimants approached the barricade they observed what they thought were the rear lights of an automobile in the southerly or right-hand lane and saw nothing in the left-hand lane. Proceeding at a reasonable speed, and well within the 50-mile-an-hour speed limit, and with reasonable care under the conditions and circumstances to be reasonably anticipated, they swung into the left-hand lane to pass what appeared to be the *3 tail lights of a stopped or slowly moving vehicle. Claimant’s automobile struck one or more of the barrels constituting a part of the barricade located in the left-hand eastbound lane.
The impact knocked one of the barrels over and moved another one from its place. A State employee who came to the scene some time after the accident had occurred and after the damaged car had been removed, stated that the flare-type bombs had been knocked off the two barrels involved in the collision but that flare-type bombs on each of the other five barrels were in place and lit and he further testified that all of the signs and flares west of the barricade were in place and lit.
Even assuming that the State’s evidence establishes that all of the above-described flares were lit and in place and all of the signs were placed as described, this court must nevertheless find that the State was negligent and that its negligence was the proximate cause of the injuries received. It seems to us that an interruption in the traffic flow of a four-lane divided highway with a posted speed limit of 50 miles per hour requires considerably more efficient methods for warning travelers of the conditons ahead than were present here. The warning must be sufficient for the purpose intended and it seems to us that the State could have reasonably foreseen the happening of such an accident as this under the conditions existing. (Laitenberger v. State of New York, 190 Misc. 633, affd. 273 App. Div. 942.)
Claimant Arlie Teeter Siler incurred medical bills of approximately $434 and lost wages of $35 per week for about 12 weeks. The medical testimony indicates that she suffered a back injury for which she now wears a lumbosacral support and in the opinion of her physician has a permanently “ unstable back ”.
The court finds that Arlie Teeter Siler, the claimant in Claim No. 36511, has been damaged in the amount of $4,700 but inasmuch as she has already received $3,000 in settlement of a claim against the driver of the automobile, the award herein must be in the amount of $1,700.
The court finds that Maude Teeter, claimant in Claim No. 36512, has been damaged in the amount of $5,200 and is entitled to an award in that amount. She incurred medical expenses of about $622 and was entirely out of work for about 10 weeks with a loss of $480. She suffered a cervical whiplash injury which has resulted in an apparently permanent pain and numbness in fingers and arms and a lumbosacral sprain with some permanent disability.